Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950
Tel.:  (670) 235-3872
Fax:  (670) 235-3873

Attorney for Plaintiffs

**F I L E D**
Clerk
District Court

MAR 1 1 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

NENITA G. AFRICA, ADONA D.
CARINO, EMMA S. ESCOBAR,
EMELITA S. MAGAYAGA, and
ASUNCION SAPO,

       Plaintiffs,

       -v-

COMMONWEALTH GARMENT
MANUFACTURING, INC. dba Mirage
Saipan Co., Ltd.,

       Defendant.

Civil Action No. CV 08 - 0014

COMPLAINT

## I
## NATURE OF THE ACTION

1.    This is an action against Defendant under Title VII of Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e., *et seq.*, as amended, and under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 for its unlawful and discriminatory employment practices towards Plaintiffs in violation of Plaintiffs' federally-protected rights, and for breach of contract, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.

-1-

2.    Plaintiffs complain about employment discrimination based on national origin and age, and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in hiring, firing, layoffs, and job assignments and (b) differential treatment. Plaintiffs are seeking lost earnings, lost employment benefits, punitive, exemplary, compensatory, incidental, consequential damages, costs, and attorney's fees to redress Defendant's unlawful and discriminatory employment policies, practices, and/or procedures.

## II
## JURISDICTION AND VENUE

3.    Title VII and ADEA apply to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

4.    This Court has jurisdiction over Plaintiffs' Title VII and ADEA claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

5.    This action is authorized and instituted pursuant to 42 U.S.C. §§ 2000e-(f)(1) and (3) of Title VII and 29 USC § 626(e) of ADEA.

6.    This Court has jurisdiction over Plaintiffs' non-Title VII and non-ADEA claims pursuant to 28 USC § 1367(a) (supplemental jurisdiction)

7.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because Defendant's unlawful and discriminatory employment practices alleged herein were committed in Saipan, Commonwealth of the Northern Mariana Islands.

III
PROCEDURAL REQUIREMENTS

8.      On different dates in November and December 2004, Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands. The charges were filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful and discriminatory employment practices alleged herein pursuant to 42 U.S.C. § 2000e.5(e)(1) and 29 U.S.C. § 626(d)(1).

9.      On or about October 25, 2007, the EEOC issued to each Plaintiff Notices of Right to Sue (Conciliation Failure). Plaintiffs are filing this complaint within ninety (90) days after the date they received the Notices of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e). Attached hereto as **Exhibits "1" to "5"** and incorporated by reference are  copies of the Notices of Right to Sue.

10.     All jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiffs have exhausted their administrative remedies as required by law.

IV
PARTIES

11.     Plaintiffs, at all relevant times, were residing in Saipan, Commonwealth of the Northern Mariana Islands (CNMI), and were employees of Defendant, within the meaning of 42 U.S.C. § 2000e.(f) and 29 U.S.C. § 630(f).

12.     Defendant      **COMMONWEALTH      GARMENT MANUFACTURING, INC. *dba* Mirage Saipan Co., Ltd.** (Mirage), is, and at all

relevant times was, a corporation organized and existing under the laws of the CNMI having its principal place of business in Saipan, CNMI.

13.    Defendant is, and at all relevant times was, engaged in an industry affecting commerce as defined under 42 U.S.C. § 2000e(g)(h) and 29 U.S.C. § 630(g)(h) who has more than 20 employees and was an employer of Plaintiffs within the meaning of 42 U.S.C. § 2000e(b) and 29 USC § 630(b).

## V
## STATEMENT OF FACTS

### National Origin Discrimination

14.    Plaintiffs are all nonresident workers from the Republic of the Philippines.

15.    Plaintiffs were employed in various capacities and performed work at Defendant's garment factory located at Middle Road, Gualo Rai, Saipan, CNMI beginning on different dates in 2003 and 2004, and remained so employed pursuant to renewable 3-month temporary work authorization contracts (TWA contracts) approved by the CNMI Department of Labor (DOL) until their employment was terminated sometime in July 2004 and August 2004.

16.    At all relevant times, each Plaintiff performed their job in a workmanlike and exemplary manner.

17.    Defendant, at all relevant times, employed other Chinese workers under TWA contracts and 1-year employment contracts.

18.    Plaintiffs, are informed and believe, and thereon allege, that on or about July 19, 2004, a male Filipino TWA contract worker complained at DOL.

19.     On the same day, Plaintiffs observed certain Chinese supervisors as repeatedly saying "Philippines...Philippines" in a manner and tone suggesting that an unusual occurrence involving Filipinos had happened.  Plaintiffs, however at that instant, did not know the exact meaning of the utterances by the Chinese supervisors.

20.     At around 3:00 p.m. of July 19, 2004, Plaintiffs were given notices terminating their employment effective ten days after July 19, 2004.  The common ground offered by Defendant for terminating Plaintiffs' employment was that "[Plaintiffs] cannot meet the demand of the production on a daily basis."

21.     Plaintiffs were surprised because Defendant had not previously informed them about any performance issue, specifically any failure to meet the demand of production as asserted by Defendant.  To Plaintiffs' knowledge, there was no performance evaluation of Plaintiffs conducted by Defendant that could have been the basis of the termination.

22.     Shortly after receiving her termination notice on July 19, 2004, Plaintiff Magayaga questioned her line supervisor named "Liang" why they were terminated when they have been performing their job in an exemplary manner.  Ms. "Liang" told Plaintiff Magayaga - "me [Liang] asking big boss Won Bin in Hongkong."

23.     The next following day, July 20, 2004, Plaintiff Magayaga again asked Ms. "Liang" about their termination.  Ms. "Liang" told Plaintiff Magayaga that "one Filipino out, all Filipinos out" or words of similar import and meaning.

24.     Defendant's stated ground for terminating Plaintiffs' employment was not true because Plaintiffs were performing their tasks in a satisfactory manner and they were not previously informed about any performance issue by Defendant or any of its Chinese supervisors, particularly about any failure to meet the demand of the production.

25.    Plaintiffs are informed and believe, and thereon allege, that most, if not all, Filipino TWA contract workers were terminated by Defendant.

26.    Plaintiffs are informed and believe, and thereon allege, that most, if not all Chinese TWA workers were not terminated, but were in fact continuously renewed after their TWA contracts expired.

27.    Plaintiffs are further informed and believe, and thereon allege, that after Plaintiffs were terminated, Defendant hired more Chinese workers from other garment factories and from China.

28.    Plaintiffs believe that they were terminated by Defendant because of national origin.    The Equal Employment Opportunity Commission had in fact determined that "there is reasonable cause to believe that [Defendant] discriminated against [Plaintiffs] and a class of Filipino and Thai employees because of their national origin."

**Age Discrimination**

29.    During their employment with Defendant, Plaintiffs Magayaga, Escobar, and Africa were repeatedly subjected to various forms of ridicule and harassments on account of age by their Chinese supervisors.

30.    On one occasion, a Chinese supervisor named "Son Zhang Hualan" told Plaintiff Magayaga that "you [Magayaga] already mamasang, but Nanette [Africa] more mamasang" or words of similar import and meaning.

31.    On another occasion, Plaintiff Escobar was told by her supervisor "why you Filipinas already mamasang, why wearing eyeglass, you already very old" or words of same import and meaning.

32.    Despite Plaintiffs admonition to the Chinese supervisors not to call them as "old" or "mamasang" and to stop the insult, the Chinese supervisors persisted in saying so.

33.    Plaintiffs Magayaga, Escobar, and Africa believe that they were also terminated due to age.

34.    The differential treatment between Filipino workers, like Plaintiffs, and Chinese workers, in terms of, *inter alia*, hiring, firing, and lay-off occurred as a pattern and practice throughout Plaintiffs' employment with Defendants.

35.    As a result of Defendant's pattern and practice of discrimination based on national origin and age, Plaintiffs experienced harm, including loss of earnings, wages, and other employment benefits.  Plaintiffs were subjected to national origin and age discrimination at work, so severe and pervasive, that affects the terms and conditions of their status as employees.

## VI
## CAUSES OF ACTION

### First Cause of Action
### National Origin Discrimination

36.    Paragraphs 1 through 35 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

37.    Defendants' discrimination of Plaintiffs on account of their national origin constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(1)(2).

38.    Defendants' unlawful and discriminatory practices as alleged above deprived Plaintiffs of equal employment opportunities or otherwise adversely affected their status as employees due to their national origin.

39.   As a direct and proximate result of Defendants' unlawful and discriminatory practices based on national origin, Plaintiffs had suffered and continue to suffer loss of earnings and other employment benefits which they otherwise would have earned.

40.   Defendants engaged in the above-described conduct against Plaintiffs with malice and in reckless disregard of Plaintiffs' federally–protected rights thereby entitling each Plaintiff to punitive damages in an amount to be determined at trial.

## Second Cause of Action
### Age Discrimination

40.   Paragraphs 1 through 35 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

41.   The acts alleged herein constitute unlawful employment practice under 29 U.S.C. § 623(a) by terminating Plaintiffs Emelita S. Magayaga, Emma S. Escobar, and Nenita G. Africa because of age.

42.   The termination had caused the above-named Plaintiffs to suffer substantial damages for past and future pecuniary losses, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary losses.

43.   Defendant has acted maliciously and with reckless disregard of Plaintiffs federally protected rights by terminating Plaintiffs Magayaga, Escobar, and Africa due to age thereby entitling said Plaintiffs to punitive damages in an amount to be determined at trial.

## Third Cause of Action
### Breach of Contract

44.   Paragraphs 1 through 35 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

45.    At the date Plaintiffs' employments were terminated, there were still unexpired portions remaining in their TWA contracts which require Defendant to provide each Plaintiff work for the entire term of the contracts.

46.    At all relevant times, Defendant had represented that their employment relationship with Plaintiffs would be based upon good faith, that Plaintiffs would be treated fairly and equitably, that Plaintiffs would be judged on the basis of individual merit and ability, that Plaintiffs would not be discriminated against, that Plaintiffs would be provided work, and that Plaintiffs would receive compensation for services rendered.

47.    Prior to their discharge, each Plaintiff had performed all conditions, covenants, duties and responsibilities as required of them to be performed in accordance with their employment contracts.

48.    Defendant breached Plaintiffs' employment contracts and wrongfully failed to judge each Plaintiff on the basis of merit and ability by wrongfully and without lawful cause terminating Plaintiffs.

49.    As a result of Defendant's breach of contract, Plaintiffs have suffered lost wages and lost benefits under their employment contracts in an amount to be determined at trial.

## Fourth Cause of Action
Breach of Implied Covenant of Good Faith and Fair Dealing

50.    Paragraphs 1 through 35 above are incorporated herein by reference as if fully pleaded in this Fourth Cause of Action.

51.    The employment contracts have implied in law a covenant of good faith and fair dealing by which Defendant promised to give full cooperation to each

Plaintiff in their performance under the TWA contracts and to refrain from any act that would prevent or impede Plaintiffs from performing all its terms and conditions.

52. Defendant breached their implied covenant of good faith and fair dealing with Plaintiffs by wrongfully terminating Plaintiffs' TWA employment contracts because of national origin, and additionally with respect to Plaintiffs Emilita S. Magayaga, Emma S. Escobar, and Nenita G. Africa, because of age.

53. As a direct cause of Defendant's breach of implied covenant of good faith and fair dealing, each Plaintiff had suffered and continuse to suffer lost earnings and other lost benefits that they would have received had Defendant not breached the TWA contracts.

54. As a further proximate result of the above-mentioned act of Defendant, each Plaintiff suffered mental pain, anguish, and humiliation, all to Plaintiff's damage in an amount to be established at trial.

55. The above-mentioned acts of Defendant were willful, wanton, malicious, and oppressive, and justify an award of punitive and exemplary damages according to proof.

### Fifth Cause of Action
Intentional Infliction of Emotional Distress

56. Paragraphs 1 through 35 above are incorporated herein by reference as if fully pleaded in this Fifth Cause of Action.

57. Defendant, in committing the above-described acts, intended to and did inflict severe emotional distress upon Plaintiffs. Defendant acted with a reckless disregard of the probability of causing emotional distress to Plaintiffs.

58. As a direct result of the outrageous acts and omissions, conduct, and discrimination, Plaintiffs became physically distraught and sustained shock to their

1    nervous system and suffered emotional distress, all resulting in damages to them in an

2    amount to be established at trial.

3

4                                   **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiffs respectfully request for the following relief:

6          (1)    An award of lost earnings and lost benefits, and punitive

7                 damages according to law and proof under the First Cause of

8                 Action;

9          (2)    An award of lost earnings and lost benefits, punitive and other

10                damages according to law and proof under the Second Cause

11                of Action;

12         (3)    An award of lost earnings and lost benefits, compensatory,

13                consequential and other damages according to law and proof

14                under the Third Cause of Action;

15         (4)    An award of lost earnings and lost benefits, punitive,

16                compensatory, consequential and other damages according to

17                law and proof under the Fourth Cause of Action;

18         (5)    An award of exemplary and punitive damages, compensatory

19                damages, and damages for mental suffering, anguish,

20                humiliation, loss of enjoyment of life, and other damages

21                according to law and proof under the Fifth Cause of Action;

22         (6)    An award of reasonable attorney's fees and costs; and

23         (7)    Such other and further relief as this Court deems just and

24                proper.

25

DATED this 10th day of March 2008.

STEPHEN C. WOODRUFF
Attorney for Plaintiffs

EEOC Form 161-A (3/98)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Nenita G. Africa<br>P.O. Box 506415<br>Saipan Mariana Islnd, MP 96950 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2004-00704 | James S. Yao,<br>Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to belie that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtai settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring s against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or interve later in your lawsuit if you decide to sue on your own behalf.

### • NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the o notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) und federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your rece of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim n be different.

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 yea before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Timothy A. Riera_

**Timothy A. Riera,**
**Director**

10/25/07

(Date Mailed)

Enclosures(s)

cc: **CGMI-MIRAGE SAIPAN CO.**
c/o Michael Dotts, Esq.
O'Connor Berman Dotts & Banes
Second Fl, Nauru Bldg.
P.O. Box 501969
Saipan MP 96950

## RECEIVED

Nenita Africa
12-10-07
EXHIBIT 1

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
#### (CONCILIATION FAILURE)

To: Adona D. Carino
Pmb 114
P.O.Box 10005
Saipan Mariana Islnd, MP 96950

From: Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 376-2005-00127 | James S. Yao, Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Timothy A. Riera,
Director

10/25/07
(Date Mailed)

Enclosures(s)

cc: CGMI-MIRAGE SAIPAN CO.
c/o Michael Dotts, Esq.
O'Connor Berman Dotts & Banes
Second Fl, Nauru Bldg.
P.O. Box 501969
Saipan MP 96950

Ao.Carin
Adona .Carino
**RECEIVED**
Time 10:24 AM
date-12/17/07
EXHIBIT 2

11-26-07  02:14pm  From-HLO EEOC                                                      1-699-541-3390    P.002/011    F-703

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| To: | Emma S. Escobar<br>Pmb 114, Po Box 10005<br>Saipan Mariana Islnd, MP 96950 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2004-00702 | James S. Yao,<br>Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                    10/25/07

Timothy A. Riera,
Director                                                            *(Date Mailed)*

Enclosures(s)

cc:   CGMI-MIRAGE SAIPAN CO.
      c/o Michael Dotts, Esq.
      O'Connor Berman Dotts & Banes
      Second Fl, Nauru Bldg.
      P.O. Box 501969
      Saipan MP 96950

E. R. Escobar 12/13/07
RECEIVED
TIME: 10:24 AM

EXHIBIT 3

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
## (CONCILIATION FAILURE)

| To: | Emelita A. Magayaga | From: | Honolulu Local Office |
|-----|---------------------|-------|----------------------|
| | P.O. Box 506415 | | 300 Ala Moana Blvd |
| | Saipan, MP 96950 | | Room 7-127 |
| | | | Honolulu, HI 96850 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|-----------------|---------------------|---------------|
| 378-2004-00703 | James S. Yao, Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_Timothy A. Riera_
Timothy A. Riera,
Director

10/25/07
(Date Mailed)

cc: CGMI-MIRAGE SAIPAN CO.
c/o Michael Dotts, Esq.
O'Connor Berman Dotts & Banes
Second Fl, Nauru Bldg.
P.O. Box 501969
Saipan MP 96950

_Magayaga_
12-06-07

# RECEIVED

EXHIBIT 4

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Asuncion Sapo
C/O Corazon San Gabriel
Pmb 114, P.O. Box 10005
Saipan, MP 96950

From: Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2004-00706 | James S. Yao, Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Timothy A. Riera,
Director

10/25/07
*(Date Mailed)*

Enclosures(s)

cc: CGMI-MIRAGE SAIPAN CO.
c/o Michael Dotts, Esq.
O'Connor Berman Dotts & Banes
Second Fl, Nauru Bldg.
P.O. Box 501969
Saipan MP 96950

A Sapo
RECEIVED
12/10/07

EXHIBIT 5